UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS, JR.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JAY INSLEE, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. 3:22-CV-5793-JCC-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: November 18, 2022 |

This matter is before the Court on referral from the District Court and on the application to proceed *in forma pauperis* ("IFP") filed by Plaintiff John Demos, Jr.  Dkt. 1.

Plaintiff, a Washington prisoner who is well-known locally and nationally as an abusive litigant, is seeking to proceed IFP so that he may bring an action against various Washington state officials, including the Governor, DOC officials, and county judicial officers and attorneys. *See* Dkt. 1-1, at 3–10. In his proposed complaint, Plaintiff raises a variety of constitutional violations related to both his criminal conviction as well as his current conditions of confinement. *See generally* Dkt. 1-1. As discussed below, the proposed complaint should be

dismissed and the proposed IFP application should be denied as moot.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam); *see also In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16, 1992) ("1992 Bar Order"). The 1992 Bar Order provides that this Court "will not consider more than three [IFP] applications in any calendar year" and that "[a]ny fourth or successive application by [plaintiff] to proceed [IFP] will not be filed, acknowledged, or returned." *Id.* at 2. Plaintiff has already reached his three-filing limit by filing more than 50 actions in this District since the beginning of the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-00507-JCC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

The 1992 Bar Order also states that any complaints, whether accompanied by a filing fee or an IFP application, "will not be accepted for filing unless the complaint is accompanied by an affidavit that the claims presented have not been presented in any other action in any court and that [Plaintiff] can and will produce evidence to support his claims." *Id.* at 3. Plaintiff has attached 10 affidavits to his proposed complaint that are deficient as to both requirements. *See* Dkt. 1-1 at 36–45. None of these affidavits state that his issues are new and have never before been presented in any other court or that Plaintiff can and will produce evidence to support his claims. *See id*.

Plaintiff has not satisfied the requirements of the 1992 Bar Order. In addition to these requirements, under 28 U.S.C. § 1915(g), Plaintiff must demonstrate an "imminent danger of serious physical injury" to proceed IFP because he has had numerous prior actions dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g); *see also Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (remanding with instructions to consider the possible application of the imminent danger exception); *Demos v. Lehman*, MC99-113-JLW (W.D. Wash. Aug. 23, 1999).

Here, Plaintiff is again invoking imminent danger by alleging the mishandling of the COVID-19 pandemic during his incarceration. *See* Dkt. 1-1, at 24–25; 28–29. Plaintiff has previously attempted to bring actions in this District alleging claims related to COVID-19, COVID-19 protocols, and the impact of services resulting from COVID-19, and none of those actions have been allowed to proceed. *See, e.g.*, *Demos v. Martin, et al.*, 3:21-cv-05679-RSL, Dkts. 1, 2, 4 (W.D. Wash. 2021); *Demos v. Rongen, et al.*, 3:21-cv-05682-TSZ, Dkts. 1-1, 2, 4 (W.D. Wash. 2021); *Demos v. Strange, et al.*, 3:22-cv-05084-DGE, Dkts. 1-1, 4, 6 (W.D. Wash. 2022); *Demos v. United States, et al.*, 3:22-cv-05266-LK, Dkts. 1-1, 2, 4 (W.D. Wash. 2022). Plaintiff also claims that Defendant Adams, a DOC official, placed him in "imminent danger" of being raped by not protecting him from DOC staff and fellow prisoners who have watched him "in a state of undress" in his cell and have made crude, obscene, and lewd remarks to him. Dkt. 1-1 at 26–27. Without more, these allegations amount to inappropriate comments. Plaintiff's allegations do not set forth any timeframe as to establish imminence, nor do they allege a serious harm or an offensive condition that rises to the level of a constitutional violation. *See Kennan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating verbal harassment generally does not violate the Eighth Amendment); *see also Somers v. Thurman*, 109 F.3d 614, 622 (9th Cir. 1997) ("We

are mindful of the realities of prison life, and while we do not approve, we are fully aware that the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons.") (internal citation omitted). Accordingly, Plaintiff's proposed complaint does not contain "a plausible allegation that [he] faced imminent danger of serious physical injury at the time of filing." *Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007) (internal citations omitted).

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's proposed complaint (Dkt. 1-1) be **DISMISSED WITHOUT PREJUDICE**, that his proposed IFP motion (Dkt. 1) be **DENIED AS MOOT**, and that this case be **CLOSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the Parties shall have **fourteen (14) days** from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **November 18, 2022** as noted in the caption.

Dated this 2nd day of November, 2022.

David W. Christel
United States Magistrate Judge