THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JAY INSLEE, *et al.*, <br><br> Defendants. | CASE NO. C22-5793-JCC <br><br> ORDER |

This matter comes before the Court on Plaintiff's objection (Dkt. No. 3) to the Report and Recommendation ("R&R") of the Honorable David W. Christel, United States Magistrate Judge (Dkt. No. 2). Judge Christel's R&R recommends that Plaintiff's proposed complaint be dismissed without prejudice for non-compliance with the 1992 Bar Order. (*See* Dkt. No. 2.) The R&R summarizes the proposed complaint's allegations, the Bar Order's conditions, and Plaintiff's suits within this District. (*See* Dkt. No. 2 at 1–3.) The Court need not repeat that information here.

Plaintiff's objection to the R&R takes issue with the Bar Order and its conditions—not the R&R's interpretation of the Order. (*See* Dkt. No. 3.) This collateral attack of the Bar Order is not responsive to the analysis or conclusions contained within the R&R and, therefore, does not

ORDER
C22-5793-JCC
PAGE - 1

1  trigger this Court's review of the R&R.[1]

2  Accordingly, the Court hereby ORDERS that:

3  1. Plaintiff's objection to the R&R (Dkt. No. 3) is OVERRULED;

4  2. The R&R (Dkt. No. 2) is ADOPTED and APPROVED;

5  3. The proposed complaint (Dkt. No. 1-1) is DISMISSED without prejudice;

6  4. The motion to proceed *in forma pauperis* (Dkt. No. 1) is DENIED; and

7  5. The Clerk is DIRECTED to send copies of this Order to Plaintiff and to Judge Christel.

DATED this 18th day of November 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] A district court only reviews those portions of an R&R to which a party properly objects. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Objections are required to enable the court to "focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). The court is not required to review "any issue that is not the subject of an objection." *Id.* at 149. Said another way, for an objection to be proper, it must point to specific error contained within the R&R. *See, e.g., United States v. Diaz-Lemus*, 2010 WL 2573748, slip op. at 1 (D. Ariz. 2010); *see Djelassi v. ICE Field Office Director*, 434 F. Supp. 3d 917, 919 (W.D. Wash. 2020).